IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

### Civil Action No. 3:15-cv-00122

| | |
|---|---|
| S & S MANAGEMENT, INC. and<br>MARTIN SALAS<br><br>        Plaintiffs,<br><br>v.<br><br>GREGORY L. WHITE;<br>JAMES R. WHITE, JR;<br>PHYLLIS M. WHITE;<br>JAMES R. WHITE, SR.;<br>THE HOMESOURCE CORP.;<br>SOFTWARE SUPPORT-PMW, INC.; and<br>CENTERSPEC, LLC,<br><br>        Defendants. | **AMENDED ANSWER AND<br>MOTIONS TO DISMISS<br>OF CENTERSPEC, LLC** |

Defendant CenterSpec, LLC. ("CenterSpec"), through the undersigned counsel, and pursuant

to Fed. R. Civ. P. 15(a)(1) files its Amended Answer and Motions to Dismiss:

### FIRST DEFENSE AND MOTION TO DISMISS
### FOR LACK OF SUBJECT MATTER JURISDICTION
### (Fed. R. Civ. P. 12(b)(1))

Pursuant to Federal Rule of Civil Procedure 12(b)(1), CenterSpec moves to dismiss the

Complaint for lack of subject matter jurisdiction.

### SECOND DEFENSE AND MOTION TO DISMISS
### FOR LACK OF PERSONAL JURISDICTION
### (Fed. R. Civ. P. 12(b)(2))

Pursuant to Federal Rule of Civil Procedure 12(b)(2), CenterSpec moves to dismiss the

Complaint for lack of personal jurisdiction.

## THIRD DEFENSE AND MOTION TO DISMISS
## FOR IMPROPER VENUE
### (Fed. R. Civ. P. 12(b)(3))

Pursuant to Federal Rule of Civil Procedure 12(b)(3), CenterSpec moves to dismiss the Complaint for improper venue.

## FOURTH DEFENSE AND MOTION TO DISMISS
## FOR FAILURE TO STATE A CLAIM
### (Fed. R. Civ. P. 12(b)(6))

Pursuant to Federal Rule of Civil Procedure 12(b)(6), CenterSpec moves to dismiss the Complaint for failure to state claims against CenterSpec upon which relief can be granted.

## FIFTH DEFENSE
### (Answer)

Without waiving and subject to the foregoing motions and defenses, CenterSpec answers the correspondingly numbered Paragraphs of the Complaint as follows:

### Parties

1.     Admitted.

2.     Admitted.

3.     CenterSpec admits that Gregory L. White ("Greg White") is a resident of the State of Florida and is a shareholder, officer and director of The HomeSource Corp.  The remaining allegations of Paragraph 3 are legal conclusions which do not require a response.  To the extent any response is required, the remaining allegations of Paragraph 3 are denied.  Except as admitted, the allegations of Paragraph 3 are denied.

4.     CenterSpec admits that James R. White, Jr. ("James White Jr.") is a resident of the State of New York and is a shareholder, officer and director of Software Support-PMW, Inc. The remaining allegations of Paragraph 4 are legal conclusions which do not require a response.  To the

extent any response is required, the remaining allegations of Paragraph 4 are denied. Except as admitted, the allegations of Paragraph 4 are denied.

5.  The allegations of Paragraph 5 contain legal conclusions which do not require a response. To the extent any response is required, the allegations of Paragraph 5 are denied. Except as admitted, the allegations of Paragraph 5 are denied.

6.  CenterSpec admits that James R. White Sr. ("James White Sr.") is a resident of New Jersey. The remaining allegations of Paragraph 6 contain legal conclusions which do not require a response. To the extent any response is required, the remaining allegations of Paragraph 6 are denied. Except as admitted, the allegations of Paragraph 6 are denied.

7.  CenterSpec admits that The HomeSource, Corp. ("HomeSource") is a New Jersey corporation with its principal place of business in New Jersey. The remaining allegations of Paragraph 7 contain legal conclusions which do not require a response. To the extent any response is required, the remaining allegations of Paragraph 7 are denied. Except as admitted, the allegations of Paragraph 7 are denied.

8.  CenterSpec admits that Software Support-PMW, Inc. ("Software Support") is a New Jersey corporation with its principal place of business in New Jersey. The remaining allegations of Paragraph 8 contain legal conclusions which do not require a response. To the extent any response is required, the remaining allegations of Paragraph 8 are denied. Except as admitted, the allegations of Paragraph 8 are denied.

9.  CenterSpec admits that CenterSpec, LLC is a New Jersey Limited Liability Company, in the process of formation. The remaining allegations of Paragraph 9 contain legal conclusions which do not require a response. To the extent any response is required, the remaining allegations of Paragraph 9 are denied. Except as admitted, the allegations of Paragraph 9 are denied.

10.     The allegations of Paragraph 10 do not require a response.  To the extent any response is required, the allegations of Paragraph 10 are denied.

11.     The allegations of Paragraph 11 do not require a response.  To the extent any response is required, the allegations of Paragraph 11 are denied.

## Venue and Jurisdiction

12.     The allegations of Paragraph 12 contain legal conclusions which do not require a response. To the extent any response is required, the allegations of Paragraph 12 are denied.

13.     CenterSpec admits that HomeSource has communicated by phone and email with S&S.  The remaining allegations of Paragraph 13 contain legal conclusions which do not require a response.  To the extent any response is required, the remaining allegations of Paragraph 13 are denied.  Except as admitted, the allegations of Paragraph 13 are denied.

14.     CenterSpec admits that HomeSource provided S&S with a VoIP telephone to communicate with HomeSource via the internet.  Except as admitted, the allegations of Paragraph 14 are denied.

15.     CenterSpec admits that HomeSource provided email addresses for S&S' business use.  Except as admitted, the allegations of Paragraph 15 are denied.

16.     CenterSpec admits that HomeSource had communications with S&S concerning services to be provided by S&S.  Except as admitted, the allegations of Paragraph 16 are denied.

17.     Denied.

18.     The allegations of Paragraph 18 contain legal conclusions which do not require a response. To the extent any response is required, the allegations of Paragraph 18 are denied.

19.     The allegations of Paragraph 19 contain legal conclusions which do not require a response.  To the extent any response is required, the allegations of Paragraph 19 are denied.

## Facts

20. CenterSpec admits that James White Jr. met with S&S to discuss S&S providing services to and for HomeSource, such services being installation and related activities of an ERP system for a single Los Angeles customer and business development activities. Except as admitted, the allegations of Paragraph 20 are denied.

21. CenterSpec admits that HomeSource retained S&S to perform certain ERP system installation services and business development activities. Except as admitted, the allegations of Paragraph 21 are denied.

22. Denied.

23. CenterSpec admits that HomeSource retained S&S to perform certain ERP system installation services and business development activities. CenterSpec admits that HomeSource agreed to reimburse S&S for business expenses relating to services being provided by S&S to HomeSource. CenterSpec specifically denies the compensation arrangement alleged in Paragraph 23(a). Except as admitted, the allegations of Paragraph 23 are denied.

24. CenterSpec admits that that James White Jr. communicated with S&S concerning S&S performing services for HomeSource. Except as admitted, the allegations of Paragraph 24 are denied.

25. CenterSpec specifically denies the existence of any ownership interest of Salas in any of the corporate entities named as defendants to this lawsuit. Accordingly, there was no proof of ownership interest to provide, in any way, to Salas. Except as admitted, the allegations of Paragraph 25 are denied.

26. CenterSpec admits that HomeSource retained S&S to perform certain ERP system installation services and business development activities. CenterSpec admits that HomeSource agreed to reimburse S&S for business expenses relating to services being provided by S&S to

HomeSource. CenterSpec specifically denies the compensation terms alleged in Paragraph 23(a). Except as admitted, the allegations of Paragraph 26 are denied.

27.     CenterSpec admits that S&S attended a trade show in Orlando for educational purposes relating to HomeSource's business and industry practices. Except as admitted, the allegations of Paragraph 27 are denied.

28.     CenterSpec admits that HomeSource retained S&S to perform certain ERP system installation services and business development activities. CenterSpec further admits, in September 2014, that S&S requested modification to the manner of compensation for services rendered to HomeSource. CenterSpec further admits that S&S would thereafter be compensated $150 per hour for documented calls with one HomeSource ERP customer. CenterSpec further admits that S&S would thereafter be compensated $1,000 per day for site-based services provided to one HomeSource ERP customer. CenterSpec further admits that HomeSource agreed to reimburse S&S for business expenses relating to services provided by S&S to HomeSource. Except as admitted, the allegations of Paragraph 28 are denied.

29.     CenterSpec admits that S&S performed certain business development services for HomeSource through no later than February 24, 2015. CenterSpec further admits that HomeSource ended its business relationship with S&S for, among other reasons, S&S' attempt to charge HomeSource for services that were not performed; S&S' attempt to overcharge HomeSource and/or S&S' failure to provide competent services. CenterSpec further admits that S&S made demands for compensation. Except as admitted, the allegations of Paragraph 29 are denied.

30.     CenterSpec admits that Exhibit A to the Complaint is a copy of S&S' invoice to HomeSource. CenterSpec further admits that S&S performed services for HomeSource after April 15, 2014. Except as admitted, the allegations of Paragraph 30 are denied.

31.     CenterSpec admits that S&S provided its April 15, 2014 invoice (Complaint Exhibit A) to HomeSource.  Except as admitted, the allegations of Paragraph 31 are denied.

32.     Denied.

33.     CenterSpec admits, during 2014, that S&S requested that HomeSource pay S&S for services allegedly rendered by S&S to HomeSource.  Except as admitted, the allegations of Paragraph 33 are denied.

34.     CenterSpec admits that James White Jr. for HomeSource communicated with S&S concerning S&S' request for payment for services rendered.  Except as admitted, the allegations of Paragraph 34 are denied.

35.     Denied.

36.     CenterSpec admits that HomeSource paid S&S a total of $48,250 for services allegedly rendered by S&S to HomeSource.  CenterSpec further admits that S&S and HomeSource are in a dispute concerning an amount owed, if any, by HomeSource to S&S.  Except as admitted, the allegations of Paragraph 36 are denied.

37.     CenterSpec admits that HomeSource compensated S&S for services allegedly rendered by S&S to HomeSource and that checks compensating S&S for services allegedly rendered were drawn on HomeSource's account and one check on Greg White's account.  Except as admitted, the allegations of Paragraph 37 are denied.

38.     Denied.

39.     Denied.

40.     Denied.

41.     CenterSpec admits, in September 2014, at the request of S&S, that the manner for HomeSource to compensate S&S for services rendered by S&S to HomeSource was modified.

CenterSpec specifically denies the terms "Agreement" and "Amended Agreement," as they are defined by Plaintiffs in the Complaint. Except as admitted, the allegations of Paragraph 41 are denied.

42. CenterSpec admits that S&S provided services to HomeSource through no later than February 24, 2015. CenterSpec further admits that S&S rendered services on behalf of HomeSource in January 2015. Except as admitted, the allegations of Paragraph 42 are denied.

43. Denied.

44. Denied.

45. CenterSpec admits that on or about December 31, 2014, S&S presented HomeSource with information concerning S&S' alleged business expenses, for reimbursement. Except as admitted, the allegations of Paragraph 45 are denied.

46. Denied.

47. CenterSpec admits that Exhibit B to the Complaint is a copy of a February 24, 2015 email from Martin Salas to James White, Jr. (copying Greg White). CenterSpec specifically denies the material allegations in the email relative to any agreement and the manner of compensation for services rendered. CenterSpec specifically denies that Exhibit B requested payment of $55,008.72. Except as admitted, the allegations of Paragraph 47 are denied.

48. CenterSpec admits that Exhibit B to the Complaint is a copy of a February 24, 2015 email from Martin Salas to James White Jr. (copying Greg White). CenterSpec specifically denies the material allegations in the email relative to any agreement and the manner of compensation for services rendered. Except as admitted, the allegations of Paragraph 48 are denied.

49. CenterSpec admits that HomeSource ended its business relationship with S&S on or about February 24, 2015. Except as admitted, the allegations of Paragraph 49 are denied.

50. CenterSpec admits that HomeSource terminated its business relationship with S&S, among other reasons, because of S&S' improper billings and its failure to provide competent services. Except as admitted, the allegations of Paragraph 50 are denied.

51. CenterSpec admits that legal counsel for S&S demanded payment of all alleged outstanding amounts due from HomeSource to S&S, such demand specifically addressing the dispute concerning reimbursements for business expenses. Except as admitted, the allegations of Paragraph 51 are denied.

52. CenterSpec admits that there is a dispute concerning an amount owed by HomeSource to S&S for services allegedly rendered by S&S to HomeSource. For this reason, no final payment has been made by HomeSource to S&S. Except as admitted, the allegations of Paragraph 52 are denied.

53. Denied.

## First Cause of Action
**(Breach of Contract – Failure to Provide S&S Compensation and Reimbursement)**

54. CenterSpec realleges and incorporates by reference its responses to Paragraphs 1 through 53.

55. Denied.

56. The allegations of Paragraph 56 are legal conclusions which do not require a response. To the extent any response is required, the allegations of Paragraph 56 are denied.

## Second Cause of Action
**(Declaratory Judgment – Ownership of Corporate Entities)**

57. CenterSpec realleges and incorporates by reference its responses to Paragraphs 1 through 56.

58. Denied.

59.     Denied.

60.     CenterSpec specifically denies that Salas has made numerous requests.  CenterSpec denies the existence of the "Agreement" and the existence of the "Amended Agreement" (as those terms are defined in the Complaint).  Specifically, CenterSpec denies the existence of Salas' alleged ownership interest; for this reason, CenterSpec could not provide any written "proof" concerning any alleged ownership interest of Salas.  Except as admitted, the allegations of Paragraph 60 are denied.

61.     CenterSpec denies that Salas has any ownership interest in any of the corporate entities named as defendants in this lawsuit.  Except as admitted, the allegations of Paragraph 61 are denied.

62.     The allegations of Paragraph 62 are legal conclusions which do not require a response.  To the extent any response is required, the allegations of Paragraph 62 are denied.

63.     The allegations of Paragraph 63 are legal conclusions which do not require a response.  To the extent any response is required, the allegations of Paragraph 63 are denied.

64.     The allegations of Paragraph 64 do not require a response.  To the extent any response is required, the allegations of Paragraph 64 are denied.

<u>**Third Cause of Action**</u>
**(Breach of Contract – Failure to Transfer Equity Interest to Salas)**
**(Alternative to Second Cause of Action)**

65.     CenterSpec realleges and incorporates herein by reference its responses to Paragraphs 1 through 64.

66.     CenterSpec denies the existence of the Agreement, as that term is defined in the Complaint.  CenterSpec further denies the existence of any Agreement by which Salas was entitled to receive any equity interest in any of the corporate entities named as defendants in this lawsuit. Except as admitted, the allegations of Paragraph 66 are denied.

67.     The allegations of Paragraph 67 are legal conclusions which do not require a response.  To the extent any response is required, the allegations of Paragraph 67 are denied.

68.     Responding to the allegations of Paragraph 68, CenterSpec affirmatively alleges that Salas has not been afforded opportunity to participate in business activities of any of the named corporate defendants because, among other reasons, Salas has no legal interest or ownership interest in any of those entities.  CenterSpec specifically denies that Salas has made any request to participate as alleged in Paragraph 68.  Except as admitted, the allegations of Paragraph 68 are denied.

69.     The allegations of Paragraph 69 are legal conclusions which do not require a response.  To the extent any response is required, the allegations of Paragraph 69 are denied.

70.     Denied.

**Fourth Cause of Action**
**(Breach of Fiduciary Duty – Minority Member Oppression)**
**(Against Individual Defendants)**

71.     CenterSpec realleges and incorporates by reference its responses to Paragraphs 1 through 70.

72.     The allegations of Paragraph 72 are not directed against CenterSpec and no response is required.  To the extent any response is required, CenterSpec lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 72; therefore, the allegations of Paragraph 72 are denied.

73.     The allegations of Paragraph 73 are not directed against CenterSpec and no response is required.  To the extent any response is required, CenterSpec lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 73; therefore, the allegations of Paragraph 73 are denied.

74. The allegations of Paragraph 74 are not directed against CenterSpec and no response is required. To the extent any response is required, CenterSpec lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 74; therefore, the allegations of Paragraph 74 are denied.

75. The allegations of Paragraph 75 are not directed against CenterSpec and no response is required. To the extent any response is required, CenterSpec lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 75; therefore, the allegations of Paragraph 75 are denied.

76. The allegations of Paragraph 76 are not directed against CenterSpec and no response is required. To the extent any response is required, CenterSpec lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 76; therefore, the allegations of Paragraph 76 are denied.

77. The allegations of Paragraph 77 are not directed against CenterSpec and no response is required. To the extent any response is required, CenterSpec lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 77; therefore, the allegations of Paragraph 77 are denied.

78. The allegations of Paragraph 78 are not directed against CenterSpec and no response is required. To the extent any response is required, CenterSpec lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 78; therefore, the allegations of Paragraph 78 are denied.

79. The allegations of Paragraph 79 are not directed against CenterSpec and no response is required. To the extent any response is required, CenterSpec lacks knowledge or information

sufficient to form a belief as to the truth of the allegations of Paragraph 79; therefore, the allegations of Paragraph 79 are denied.

### Fifth Cause of Action
### (Constructive Fraud)
### (Against the White Family Defendants)

80.     CenterSpec realleges and incorporates by reference its responses to Paragraphs 1 through 79.

81.     The allegations of Paragraph 81 are not directed against CenterSpec and no response is required.  To the extent any response is required, CenterSpec lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 81; therefore, the allegations of Paragraph 81 are denied.

82.     The allegations of Paragraph 82 are not directed against CenterSpec and no response is required.  To the extent any response is required, CenterSpec lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 82; therefore, the allegations of Paragraph 82 are denied.

### Sixth Cause of Action
### (Conspiracy and Facilitating Fraud)
### (Against the White Family Defendants and Corporate Defendants)

83.     CenterSpec realleges and incorporates by reference its responses to Paragraphs 1 through 82.

84.     The allegations of Paragraph 84 are legal conclusions which do not require a response.  To the extent any response is required, the allegations of Paragraph 84 are denied.

85.     The allegations of Paragraph 85 are legal conclusions which do not require a response.  To the extent any response is required, the allegations of Paragraph 85 are denied.

86.     The allegations of Paragraph 86 are legal conclusions which do not require a response.  To the extent any response is required, the allegations of Paragraph 86 are denied.

87.     The allegations of Paragraph 87 are legal conclusions which do not require a response.  To the extent any response is required, the allegations of Paragraph 87 are denied.

88.     The allegations of Paragraph 88 are legal conclusions which do not require a response.  To the extent any response is required, the allegations of Paragraph 88 are denied.

**Seventh Cause of Action**
**(Constructive Trust)**
**(Against All Defendants)**

89.     CenterSpec realleges and incorporates by reference its responses to Paragraphs 1 through 88.

90.     The allegations of Paragraph 90 contain legal conclusions which do not require a response.  To the extent any response is required, the allegations of Paragraph 90 are denied. CenterSpec specifically denies that any assets of the corporate entities named as Defendants in this lawsuit have been wrongfully secreted and/or transferred.  Except as admitted, the allegations of Paragraph 90 are denied.

91.     The allegations of Paragraph 91 are legal conclusions which do not require a response.  To the extent any response is required, the allegations of Paragraph 91 are denied.

**Eighth Cause of Action**
**(Quantum Meruit)**
**(Alternative to Breach of Contract Claims)**

92.     CenterSpec realleges and incorporates by reference its responses to Paragraphs 1 through 91.

93.     It is admitted that S&S provided some services to HomeSource. Except as admitted, the allegations of Paragraph 93 are denied.

94.     The allegations of Paragraph 94 are legal conclusions which do not require a response.  To the extent any response is required, the allegations of Paragraph 94 are denied.

95.     The allegations of Paragraph 95 are legal conclusions which do not require a response.  To the extent any response is required, the allegations of Paragraph 95 are denied.

96.     The allegations of Paragraph 96 are legal conclusions which do not require a response.  To the extent any response is required, the allegations of Paragraph 96 are denied.

**Tenth Cause of Action**
**(Piercing the Corporate Veil)**
**(Against the Individual Defendants)**

97.     CenterSpec realleges and incorporates by reference it responses to Paragraphs 1 through 96.

98.     The allegations of Paragraph 98 are not directed against CenterSpec and no response is required.  To the extent any response is required, CenterSpec lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 98; therefore, the allegations of Paragraph 98 are denied.

99.     The allegations of Paragraph 99 are not directed against CenterSpec and no response is required.  To the extent any response is required, CenterSpec lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 99; therefore, the allegations of Paragraph 99 are denied.

100.     The allegations of Paragraph 100 are not directed against CenterSpec and no response is required.  To the extent any response is required, CenterSpec lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 100; therefore, the allegations of Paragraph 100 are denied.

101.    The allegations of Paragraph 101 are not directed against CenterSpec and no response is required.  To the extent any response is required, CenterSpec lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 101; therefore, the allegations of Paragraph 101 are denied.

102.    The allegations of Paragraph 102 are not directed against CenterSpec and no response is required.  To the extent any response is required, CenterSpec lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 102; therefore, the allegations of Paragraph 102 are denied.

103.    The allegations of Paragraph 103 are not directed against CenterSpec and no response is required.  To the extent any response is required, CenterSpec lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 103; therefore, the allegations of Paragraph 103 are denied.

104.    The allegations of Paragraph 104 are not directed against CenterSpec and no response is required.  To the extent any response is required, CenterSpec lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 104; therefore, the allegations of Paragraph 104 are denied.

## SIXTH DEFENSE
**(Affirmative Defenses)**

### First Affirmative Defense

S&S is in breach of any service agreement for, among other reasons, S&S' attempt to charge HomeSource for services that were not performed; S&S' attempt to overcharge HomeSource and/or S&S' failure to provide competent services.  CenterSpec pleads S&S' breach of any service agreement in bar to Plaintiffs' claims.

## Second Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to mitigate their damages.

## Third Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because all of CenterSpec's contractual and legal obligations to Plaintiffs, which are denied, have been fulfilled, excused and/or waived.

## Fourth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, upon information and belief, by Plaintiffs' failure to act reasonably, prudently and in accordance with their legal and/or contractual obligations.

## Fifth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because any alleged rights or remedies in favor of Plaintiffs against CenterSpec, which are denied, have been discharged or released by reason of various acts and omissions on the part of S&S and/or Salas, each of which, in and of itself, constitutes a legally sufficient cause to affect such discharge or release.

## Sixth Affirmative Defense

Upon information and belief, Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to pursue their claims within the applicable statutes of limitation and/or statutes of repose.

## Seventh Affirmative Defense

As further defenses, Plaintiffs' claims are barred, in whole or in part, by the doctrines of estoppel, release, waiver, failure of consideration, payment, accord and satisfaction, unclean hands, duress, laches and any other matter constituting avoidance of the Plaintiffs' claims.

## Eighth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because of the Statute of Frauds.

## Ninth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because there was no meeting of the minds in formation of any agreement between the relevant parties

## Tenth Affirmative Defense

Plaintiffs' claims, in whole or in part, are frivolous, to the extent there is a complete absence of a justiciable issue either in fact or law. Accordingly, CenterSpec is entitled to reasonable attorneys' fees.

## Eleventh Affirmative Defense

CenterSpec has been damaged by S&S' breach of any service agreements. If the court finds that CenterSpec owes S&S (or Plaintiffs) any amount under any agreement between CenterSpec and S&S (or otherwise), any such agreement and such liability being specifically denied, the court should offset such amounts by any damages relating to S&S' breach of any service agreement.

## Twelfth Affirmative Defense

Defendant CenterSpec was not incorporated at the times pertinent to Plaintiffs' Complaint allegations. CenterSpec pleads these facts in bar to any recovery as to CenterSpec.

## Thirteenth Affirmative Defense

S&S and/or Salas were negligent in that they failed to provide competent services when providing any services. CenterSpec pleads such contributory negligence in bar to Plaintiffs' claims.

### Fourteenth Affirmative Defense

To the extent the Complaint states a claim or claims against one or more of CenterSpec in tort, such claim (or claims) are barred by the economic loss rule.

### Fifteenth Affirmative Defense

Rule 9(b) of the Federal Rules of Civil Procedure requires that all averments of fraud be stated with particularity. To the extent the Plaintiffs have made any allegations against CenterSpec in fraud, Plaintiffs have failed to assert any such allegations in accordance with Rule 9(b). CenterSpec pleads these facts in bar to Plaintiffs' claims.

### Sixteenth Affirmative Defense

To the extent Plaintiffs are alleging any special damages, Plaintiffs have failed to allege such special damages with the specificity required under Rule 9(g) of the Federal Rules of Civil Procedure. CenterSpec pleads these facts in bar to Plaintiffs' claims.

### Seventeenth Affirmative Defense

Some or all of Plaintiffs' claims are barred or limited by the contributing, concurring, intervening, superseding or insulating fault and breach of persons or entities other than CenterSpec. Any fault or breach by CenterSpec, the existence of which is denied, was passive and secondary in light of the primary and active fault or breach of others.

### Eighteenth Affirmative Defense

CenterSpec reserves the right to amend this pleading to add additional affirmative defenses as they become known.

## PRAYER FOR RELIEF

WHEREFORE, CenterSpec respectfully prays the Court:

1.     That the Plaintiffs have and recover nothing of CenterSpec and that the Court dismiss the Complaint, with prejudice;

2.     That the Court grant CenterSpec's motions to dismiss;

3.     That the Court tax the costs of this action against Plaintiffs;

4.     That there be a trial by jury on all issues so triable;

5.     That CenterSpec recover its reasonable attorneys' fees, as allowed by law; and

6.     That CenterSpec have and recover such other and further relief as the Court may deem just and proper;

This the 29th day of May, 2015.

                                                          /s/ B. David Carson
                                                          B. David Carson, NC State Bar No. 15795
                                                          Martin L. White, NC State Bar No. 23330
                                                          Munashe Magarira, NC State Bar No. 47904
                                                          JOHNSTON, ALLISON & HORD, P.A.
                                                          Post Office Box 36469
                                                          Charlotte, North Carolina 28236
                                                          Telephone:  704/332-1181
                                                          Facsimile:   704/376-1628
                                                          dcarson@jahlaw.com,
                                                          mwhite@jahlaw.com,
                                                          mmagarira@jahlaw.com
                                                          *Attorneys for Defendants the CenterSpec*
                                                          *Corp., CenterSpec-PMW, Inc., and*
                                                          *CenterSpec, LLC*

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing pleading was filed with the Clerk of Court using the CM/ECF system and thereby electronically served the document upon the attorneys shown below:

Michael L. Carpenter, Esq.
Christopher M. Whelchel, Esq.
Gray, Layton, Kersh, Solomon, Furr & Smith, P.A.
Post Office Box 2636
Gastonia, North Carolina 28053
mcarpenter@gastonlegal.com
cwhelchel@gastonlegal.com
*Attorneys for Plaintiffs S&S Management, Inc. & Martin Salas*

This the 29th day of May, 2015.

/s/ B. David Carson
B. David Carson, NC State Bar No. 15795
Martin L. White, NC State Bar No. 23330
Munashe Magarira, NC State Bar No. 47904
JOHNSTON, ALLISON & HORD, P.A.
Post Office Box 36469
Charlotte, North Carolina 28236
Telephone: 704/332-1181
Facsimile: 704/376-1628
E-Mail: dcarson@jahlaw.com,
mwhite@jahlaw.com,
mmagarira@jahlaw.com
*Attorneys for Defendants the CenterSpec Corp., CenterSpec-PMW, Inc., and CenterSpec, LLC*