UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:15-cv-00122-FDW-DSC

| | |
|---|---|
| S & S MANAGEMENT, INC. and MARTIN SALAS,<br><br>Plaintiffs,<br><br>vs.<br><br>GREGORY L. WHITE, JAMES R. WHITE, JR., PHYLLIS M. WHITE, JAMES R. WHITE, SR., THE HOMESOURCE, CORP., SOFTWARE SUPPORT-PMW, INC., and CENTERSPEC, LLC,<br><br>Defendants. | ORDER |

THIS MATTER is before the Court on Defendant CenterSpec, LLC's ("CenterSpec's") Motion to Dismiss for Lack of Personal Jurisdiction (Doc. No. 15), Defendant Software Support-PMW, Inc.'s ("Software Support's") Motion to Dismiss for Lack of Personal Jurisdiction (Doc. No. 19), Plaintiff S&S Management, Inc. and Plaintiff Martin Salas' (collectively, "Plaintiffs'") Motion for Early Expedited Discovery Regarding Personal Jurisdiction of Defendant, Software Support-PMW, Inc., and CenterSpec, LLC (Doc. No. 27), and Plaintiffs' Motion for Extension of Time to Reply to Defendant, Software Support-PMW, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction and CenterSpec, LLC's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. No. 32). For the reasons stated herein, Plaintiffs' Motion for Early Expedited Discovery is GRANTED, CenterSpec and Software Support's (collectively, "Defendants'") Motions to Dismiss

1

for Lack of Personal Jurisdiction are DENIED without prejudice, and Plaintiff's Motion for an Extension of Time is DENIED as moot.

## I. Background

Plaintiff S & S Management, Inc., a North Carolina corporation with its principal place of business in Mecklenburg County, and Plaintiff Salas, an individual residing in Mecklenburg County, filed this action against Defendants alleging breach of contract, among other causes of action. (Doc. No. 1). Plaintiffs assert that the Court has personal jurisdiction over Defendants because they have "consistently and pervasively conducted business in Mecklenburg County, North Carolina and in doing so [have] availed [themselves] to the personal jurisdiction of the Federal Courts in Mecklenburg County, North Carolina." (Doc. No. 1, ¶¶ 8, 9). Defendants each filed a Motion to Dismiss, contending that this Court lacks personal jurisdiction. (Doc. Nos. 15, 19). Plaintiffs then filed a Motion for Early Expedited Discovery, requesting the Court to grant early expedited and limited discovery of matters related strictly to the issue of personal jurisdiction of Defendants. (Doc. No. 27). Plaintiffs contend that they have alleged sufficient facts in their Complaint to show that Defendants have availed themselves to the personal jurisdiction of this Court and that Defendants have evidence supporting this claim. Id. Therefore, because Plaintiffs claim that they do not have access to this evidence available to Defendants, they request the Court to allow limited discovery so that they can adequately respond to Defendants' motions to dismiss based on lack of personal jurisdiction. Id. Plaintiffs also filed a motion requesting an extension of time to respond to Defendants' motions to dismiss until after the parties have conducted the requested early discovery. (Doc. No. 32).

## II. Analysis

A party invoking federal jurisdiction has the burden of establishing that personal jurisdiction exists over the defendant. New Wellington Fin. Corp. v. Flagship Resort Dev. Corp., 416 F.3d 290, 294 (4th Cir. 2005); Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989).

> When a court's personal jurisdiction is properly challenged by a Rule 12(b)(2) motion, the jurisdictional question thus raised is one for the judge, with the burden on the plaintiff ultimately to prove the existence of a ground for jurisdiction by a preponderance of evidence … . [W]hen, as here, the court addressees the question on the basis only of motion papers, supporting legal memoranda and the relevant allegations of a complaint, the burden on the plaintiff is simply to make a prima facie showing of a sufficient jurisdictional basis in order to survive the jurisdictional challenge. In considering a challenge on such a record, the court must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction.

Combs, 886 F.2d at 676 (internal citations omitted). "Mere allegations of in personam jurisdiction are sufficient for a party to make a prima facie showing." Barclays Leasing, Inc. v. National Business Systems, Inc., 750 F. Supp. 184, 186 (W.D.N.C. 1990). The plaintiff, however, "may not rest on mere allegations where the defendant has countered those allegations with evidence that the requisite minimum contacts do not exist." IMO Industries, Inc. v. Seim S.R.L., 3:05-CV-420-MU, 2006 WL 3780422, at *1 (W.D.N.C. Dec. 20, 2006). "Rather, in such a case, the plaintiff must come forward with affidavits or other evidence to counter that of the defendant … factual conflicts must be resolved in favor of the party asserting jurisdiction … ." Id.

It is well settled that "District Courts have broad discretion to allow jurisdictional discovery pursuant to Rule 26 of the Federal Rules of Civil Procedure." Mylan Labs., Inc. v. Akzo, 2 F.3d 56, 64 (4th Cir. 2003). The Court has reviewed the pleadings and submissions of counsel and finds that a short period of limited discovery would be useful to the parties and likely provide assistance

3

to the Court in addressing the issue of personal jurisdiction. Accordingly, the Court will permit limited discovery on the topic of Defendants' contacts with North Carolina. Plaintiffs may serve eight (8) interrogatories and (8) requests for production of documents on both Defendant CenterSpec and Defendant Software Support. Unless the parties stipulate otherwise, Plaintiffs shall serve these interrogatories and requests within seven (7) days from the date of this Order, with responses to be served by Defendants twenty-one (21) days after service from Plaintiffs. Plaintiffs may also take one Rule 30(b)(6) deposition of Defendants' designee, with such deposition to be limited to five (5) hours. Unless the parties stipulate otherwise, this deposition must occur within forty (40) days from the date of this Order.

In light of this ruling, and in order to allow Defendants to fully brief their previous arguments that may be addressed during this limited discovery, the Court will deny Defendants' pending motions to Dismiss *without prejudice*. The Court specifically notes that by virtue of this ruling, Defendants have preserved all personal jurisdiction arguments, and the Court will not construe its dismissal, or the granting of Plaintiffs' motion for expedited discovery, as a waiver of any arguments, including those that may arise for the first time during discovery to further support Defendants' motions.

If, after this limited discovery, Defendants intend to renew their motions to dismiss for lack of personal jurisdiction, they must file such motions no later than forty-seven (47) days from the date of this Order. Plaintiffs shall file their responses to such motions no later than seven (7) days after service of the renewed motions, and Defendants' replies shall be filed within three (3) days following service of Plaintiff's response. This shortened briefing schedule is necessary to promote the prompt and efficient resolution of this matter.

IT IS THEREFORE ORDERED that Defendants' Motions to Dismiss for Lack of Personal Jurisdiction (Doc. Nos. 15, 19) are DENIED WITHOUT PREJUDICE, Plaintiffs' Motion for Early Expedited Discovery Regarding Personal Jurisdiction of Defendant, Software Support-PMW, Inc., and CenterSpec, LLC (Doc. No. 27) is GRANTED as provided in this Order, and Plaintiffs' Motion for Extension of Time to Reply to Defendant, Software Support-PMW, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction and CenterSpec, LLC's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. No. 32) is DENIED AS MOOT.

IT IS SO ORDERED.

Signed: June 18, 2015

Frank D. Whitney
Chief United States District Judge